UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO AGUILLON,<br><br>                           Plaintiff,<br>v.<br><br>BARRY TED MOSKOWITZ,<br><br>                           Defendant. | Case No.: 22-CV-453 TWR (JLB)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Ernesto Aguillon's Motion to Proceed *in Forma Pauperis* ("IFP"). (ECF No. 2 ("IFP Mot.").) For the reasons explained below, the Court **GRANTS** Plaintiff's IFP Motion and *sua sponte* **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1 ("Compl.")) following the screening required by 28 U.S.C. § 1915(e)(2)(B).

**MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff requests leave to proceed IFP because he claims he is "unable to pay the costs of the proceedings." (IFP Mot. at 1.) All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas

corpus, must pay filing and administration fees totaling $402.[1]  28 U.S.C. § 1914(a).  A court may, however, in its discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed IFP by submitting an affidavit demonstrating the fees impose financial hardship.  *See* 28 U.S.C. § 1915(a); *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobeda*, 787 F.3d at 1234.  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life."  *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

Plaintiff sufficiently demonstrates that paying court costs would hinder his ability to afford the necessities of life.  Plaintiff provided the requisite affidavit in support of his application, (*see* IFP Mot. at 1), which shows that Plaintiff is unemployed, with an annual income of $0.  (*Id.*)  Plaintiff reports that he has $0 in his bank account, and that the only item of value he owns is a 2016 Toyota Scion.  (*Id.* at 2.)  As Plaintiff has sufficiently demonstrated that he cannot pay the costs of these proceedings, the Court **GRANTS** Plaintiff's IFP Motion.

**INITIAL SCREENING PER 28 U.S.C. § 1915(e)(2)(B)**

I. **Legal Standard**

Because the Court has granted Plaintiff leave to proceed IFP, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must *sua sponte* dismiss a Plaintiff's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

2001) (noting that 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Courts construe pro se complaints liberally when evaluating whether the complaint states a claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Construing a complaint liberally, however, does not entail adding "essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Like all litigants, pro se plaintiffs must follow the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## II. Analysis

Plaintiff's civil cover sheet indicates that he is asserting a violation of his civil rights pursuant to 42 U.S.C. § 1983. (Compl. at 6.[2]) When prompted to provide a short and plain statement of the claim, Plaintiff writes, "[t]his information will come to light after discovery." (*See id.* at 4.) Though the Court construes pro se complaints liberally, *see Estelle*, 429 U.S. at 106, the Court cannot supplement it with facts that are not pled. *See Ivey*, 673 F.2d 266 at 268. And Plaintiff puts the cart before the horse by requesting discovery to plead a plausible claim: "Rule 8 . . . does not unlock the doors of discovery for

---

[2] The pagination cited refers to the numbers stamped by the CM/ECF system.

a plaintiff armed with nothing more than conclusions." *See Iqbal*, 556 U.S. at 678–79.  In other words, Plaintiff's "factual allegations . . . must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *See A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  Because Plaintiff does not plead facts to support a plausible claim—much less identify a cause of action—Plaintiff's Complaint does not adequately allege any claim.

Additionally, even if Plaintiff had alleged sufficient facts to state a plausible cause of action, judicial immunity would dictate that Defendant, Judge Barry Ted Moskowitz, be immune from liability.  "Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).  A judge "will be subject to liability only when he has acted in the "clear absence of all jurisdiction." *Id.* at 356–57.  The doctrine of judicial immunity applies to actions under Section 1983.  *See id.* at 356.  Here, there are no allegations in Plaintiff's putative Section 1983 Complaint indicating that Judge Moskowitz took any actions in the absence of jurisdiction.  Therefore, on the face of the Complaint, Judge Moskowitz is immune from liability, and Plaintiff's claims against him must be dismissed.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1).  Plaintiff has <u>sixty (60) days</u> from the date of this Order to submit an amended complaint correcting the deficiencies noted herein.  The amended complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d

896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). *Failure timely to amend the complaint will result in the Court's dismissal without prejudice of this case for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and failure to prosecute in compliance with a court order requiring amendment.* See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: June 16, 2022

_____
Honorable Todd W. Robinson
United States District Judge